IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jane Randall, <br><br>   Plaintiff, <br> v. <br><br>Allstate Insurance Company, <br><br>   Defendant. | Case No. 9:24-cv-4123-RMG <br><br><br>**ORDER** |

  This matter comes before the Court on Plaintiff's motion for partial summary judgment and the exclusion of two persons who have been designated by Defendant to offer expert opinions but have not provided expert reports. (Dkt. No. 73). Plaintiff has filed a response in opposition. (Dkt. No. 75). For reasons set forth below, the motion is denied in all respects.

**I. Legal Standard**

  **A. Summary Judgment:**

  Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

  "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am.*

1

*Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### B. Production of Reports of Persons Who Will Offer Expert Opinions:

Federal Rule of Civil Procedure 26(A)(2)(B) and (C) contemplates two different types of experts. Experts "retained or specially employed" are distinguished from a "percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to the litigation is recruited to provide expert testimony." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011). This recognizes the distinction courts have drawn between treating physicians and physicians recruited for the purpose of giving expert testimony. *Id*. The Advisory Committee to the Federal Rules of Civil Procedure "specifically uses this distinction to illustrate the type of witnesses exempted from the written report requirement." *Id.*, *citing* FED. R. CIV. P. 26 Advisory Committee Note. Experts that fall under Rule 26(a)(2)(C) are "not experts in the traditional sense of being retained specifically to provide expert testimony. Rather, they are witnesses . . . who may have certain expert-type information and who may offer some type of expert testimony with his or her fact testimony." *Certain Interested Underwriters of Lloyd's London v. Cooper*, 2012 WL 55477 at *6 (D.S.C. 2012).

## II. Background

Plaintiff asserts in her Amended Complaint that Defendant breached its contract with her by failing to pay the claim arising from fire damage at her Beaufort County home on March 4, 2023. (Dkt. No. 24). Defendant asserts that it denied coverage for the fire damage because Plaintiff's son, Christian Randall, started the fire and refused to cooperate in the investigation. (Dkt. No. 1-1 at 25; 25 at ¶ 8, 11).

Plaintiff argues she is entitled to partial summary judgment because her son denies burning the family home and Defendant "has no affidavits or other credible evidence contradicting Christian's sworn testimony." (Dkt. No. 73 at 1-2). Instead, Plaintiff argues, Defendant relies on "guilt by association" because of Christian's Alford Plea in the burning of a building on Plaintiff's property in York County. (*Id.*). Defendant asserts that Christian burned his mother's home and offers considerable circumstantial evidence to support the defense. (Dkt. No. 74 at 1-9).

In support of its defense, Defendant has given notice it intends to call as witnesses two persons involved in the investigation of the fire, Battalion Chief John Norton and Beaufort County Sheriff's Deputy Tiffany Baglio. Defendant has given notice that it intends to elicit certain expert opinions from Norton and Baglio and has not provided written expert reports from these witnesses because they were not "retained or specially employed" to offer expert testimony. Defendant asserts that Norton and Baglio fall under the category of witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C). (Dkt. No. 74 at 14-15).

3

### III. Discussion

#### A. Plaintiff's Motion for Partial Summary Judgment:

A party is entitled to summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. The central dispute in this case is whether Christian set the fire at Plaintiff's Beaufort County home. Defendant says he did. Christian denies it. Defendant's affirmative defense is based upon circumstantial evidence, which Plaintiff disputes. Reading all evidence in a light most favorable to the nonmoving party, summary judgment is inappropriate under these circumstances.

#### B. Plaintiff's Motion to Exclude the Testimony of Norton and Baglio because Defendant did not provide an Expert Report under Rule 26(a)(2)(B):

Plaintiff does not assert that the testimony of Norton and Baglio fail to meet Federal Rule of Evidence 702 standards or that the disclosure of the substance of their testimony was in any way inadequate. Instead, Plaintiff's argument is that no expert report for Baglio and Norton was produced by Defendant and this requires the exclusion of their testimony.

This argument has no merit. Norton and Baglio were not retained or specially employed by Defendant to offer expert testimony. Instead, they were involved in the investigation of the Beaufort County fire at Plaintiff's residence and formed certain opinions which Defendant seeks to offer at trial. So long as these witnesses meet Rule 702 standards, they will be allowed to testify. Defendant had no duty to produce expert reports for these witnesses because they plainly fall within the category under Rule 26(a)(2)(C) of witnesses who are not required to produce expert reports.

**IV.     Conclusion**

Based on the foregoing, Plaintiff's motion for partial summary judgment and to Exclude the testimony of Norton and Baglio (Dkt. No. 73) is **DENIED.**

**AND IT IS SO ORDERED.**

      s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 7, 2025
Charleston, South Carolina