**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Jane Randall, | Case No. 9:24-cv-4123-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Allstate Insurance Company, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel responses to her first set of discovery and to disallow Defendant from asserting any affirmative defenses as a sanction for its untimely response and failure to produce its applicable insurance policy under Rule 26(a)(1)(A)(iv). (Dkt. No. 34). Defendant has filed a response to the motion and Plaintiff has filed a reply. (Dkt. Nos. 49, 51).

**I.   Background**

This action involves a challenge to Defendant's denial of coverage for fire damage at a residence of Plaintiff in Beaufort County based upon Defendant's determination that the fire was set by Plaintiff's son. Plaintiff denies this allegation. Plaintiff's counsel served Defendant's counsel with her first set of discovery requests on October 14, 2024, with responses due within 30 days. Defense counsel did not timely produce the discovery responses and Plaintiff's counsel followed up with defense counsel on February 14, 2025 about the tardy responses. Defense counsel had several communications with Plaintiff's counsel in February 2025 regarding the discovery responses. Defense counsel stated that he was finalizing the discovery responses and expected to have them to Plaintiff's counsel by February 28, 2025. (Dkt. No. 51 at 5-7). When the discovery

1

responses were not produced by that date, Plaintiff filed on March 4, 2025 a motion to compel and for sanctions against Defendant for its late discovery responses and failure to produce the applicable insurance policy required under Rule 26(a)(1)(A)(iv).

Defendant produced its responses on March 6, 2025. Plaintiff has raised no objections to the completeness of the responses. The Court entered an order on March 11, 2025, extending the time to complete discovery until May 30, 2025. (Dkt. No. 41).

Defendant argued in response to the motion to compel and sanctions that its submission of discovery responses rendered Plaintiff's motion to compel moot. (Dkt. No. 49). Defendant further asserted that with the extension of discovery, Plaintiff had suffered no prejudice from the delay of Defendant in responding to the first set of discovery requests. Defendant also noted that its obligation to make its Rule 26(a)(1)(A) initial disclosures had been waived by the parties Joint Rule 26.03 Report. (Dkt. No. 10 at 5). Additionally, Defendant noted that Plaintiff was already in possession of the applicable insurance policy since it had been attached to her complaint.

## II. Discussion

Plaintiff argues that this Court has no discretion regarding the imposition of sanctions and must sanction Defendant by prohibiting it from asserting any affirmative defenses, including the defense that the insurance policy was breached by Plaintiff's son allegedly burning down the residence. (Dkt. No. 34 at 15). This is not correct. District courts have broad discretion to supervise discovery and to impose sanctions. *Mey v. Phillips*, 71 F.4th 203, 217-18 (4th Cir. 2023). In weighing whether to impose sanctions under Rule 37, the court must consider the following: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice suffered by the moving party; (3) the need for deterrence; and (4) whether less drastic sanctions would be effective. *Belk v. Charlotte-Mecklenburg Board of Education*, 269 F.3d 305, 348 (4th Cir. 2001).

After carefully weighing the *Belk* factors, the Court finds no sanction is appropriate under these circumstances. There is no evidence of bad faith by Defendant and, with the extension of discovery, Plaintiff has suffered no prejudice. Further, since Plaintiff has now received its full discovery responses, the motion to compel is moot.

### III.    Conclusion

Based on the foregoing, Plaintiff's motion to compel is denied as moot and Plaintiff's motion for sanctions is also denied (Dkt. No. 34).

**AND IT IS SO ORDERED.**

                                        s/ Richard Mark Gergel
                                        Richard Mark Gergel
                                        United States District Judge

July 7, 2025
Charleston, South Carolina