# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jane Randall, | Case No. 9:24-cv-4123-RMG |
|       Plaintiff, | |
|   v. | **ORDER** |
| Allstate Insurance Company, | |
|       Defendant. | |

    This matter comes before the Court on Plaintiff's motion to quash a subpoena to the cell phone provider of Plaintiff and her son, Christian Randall, for "any and all call records and text logs." (Dkt. Nos. 61, 61-1 at 7). Plaintiff also moves for a protective order. Plaintiff asserts that her cell phone is associated with her practice as an attorney and includes attorney client communications. She further asserts that her son's cell phone has been used for communications with attorneys "regarding legal matters unrelated to the matter at bar." (Dkt. No. 61 at 1-2).

    Defendant opposes the motion to quash and asserts that its purpose in subpoenaing the records of the cell phone provider is to determine "what expert witnesses were called [by Plaintiff] after the subject fire before Defendant was notified." (Dkt. No. 65). Defendant explains that the fire occurred on March 4, 2023, and Plaintiff's fire expert inspected the Plaintiff's residence on March 8, 2023. Plaintiff did not report the fire to Defendant until April 11, 2023. Defendant argues that the contacting of an expert shortly after the fire but not reporting the loss nearly a month and a half later "invokes serious credibility issues for Plaintiff and Christian Randall." (*Id*. at 2-3).

    Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any of the party's claims or defenses and proportional to the needs of the case . . ." The Rule goes on to require a district court to weigh "the importance

1

of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." (*Id.*).

After carefully weighing the arguments of the parties and the issues at stake, the Court grants the motion to quash for the following reasons: (1) the production of the requested records is likely to produce evidence of attorney client confidential communications, including the communications of Plaintiff, a practicing attorney, with her clients and Christian Randall with his attorneys; (2) the evidence sought to be obtained by Defendant, that Plaintiff or someone on her behalf communicated with a fire expert before reporting the loss, is already established by Defendant through the deposition of Plaintiff's fire expert, making any additional evidence largely cumulative; (3) the issue sought to be established by Defendant, whether Christian Randall set fire to his mother's home, is only marginally related to the information sought from the cell phone records.

Based on the foregoing, Plaintiff's motion to quash (Dkt. No. 61) is granted. Plaintiff's motion for a protective order (Dkt. No. 61) is denied as moot.

**AND IT IS SO ORDERED.**

  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 7, 2025
Charleston, South Carolina