## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

Jane Randall,

        Plaintiff,

    v.

Allstate Insurance Company,

        Defendant.

Case No. 9:24-cv-4123-RMG

**ORDER**

This matter comes before the Court on Plaintiff's motion to quash a subpoena submitted to Plaintiff's counsel and a notice of deposition issued to Plaintiff's counsel. (Dkt. No. 52, 53). Defendant opposes the motion and Plaintiff has replied. (Dkt. No. 56, 59). For reasons set forth below, both motions are granted.

## I.    Background

This action involves a challenge by Plaintiff to the denial of insurance coverage for a fire at her residence in Beaufort County, South Carolina on the basis that her son, Christian Randall, allegedly burned the home. Plaintiff is represented in this action by David Brown. He also represented Christian in criminal proceedings in York County, where Christian pled under an Alford Plea to Third Degree Arson relating to the burning of a barn. (Dkt. No. 56-2 at 5-7). In the course of Christian's Alford Plea, it was revealed that as part of a plea agreement arson charges pending in Beaufort County relating to Plaintiff's alleged burning of his mother's residence would be dismissed. (*Id*. at 6).

Defendant asserts in the pending motion that it has submitted production requests in discovery to Plaintiff and has received various photographs relating to the Beaufort County fire but had not received video taken by the Beaufort County Sheriff's Office. Defendant indicates that

1

the present subpoena and deposition notice were directed to Plaintiff's counsel and his law firm "in an attempt to secure the video footage . . ." (Dkt. No. 56 at 6). By separate order, the Court has directed the Beaufort County Sheriff's Office to produce to Defendant all video footage from the fire, eliminating this need to depose Plaintiff's counsel or to issue a subpoena to him regarding this video.

Defendant's motion goes further, however, and seeks to call Plaintiff's counsel as a trial witness on the basis that "the details of Christian's plea agreement are highly relevant to this action." (*Id.* at 11). The deposition of Plaintiff's counsel presumably would be in preparation for calling him as a witness at trial. These motions raise grave concerns for the Court. The subpoenaing and deposing of an opponent's counsel is disfavored and is permitted only under very limited circumstances. Generally speaking, a deposition of opposing counsel is permitted only where (1) no other means exist to obtain the information sought; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Allen v. Brown Advisory LLC*, 2020 WL 5603760 (W.D. Va. 2020).

## II.    Discussion

The Court is unpersuaded that Defendant can meet any of the *Shelton* standards. First, the details of the plea agreement are set forth in Christian plea colloquy in York County (Dkt. No. 56-2), making the testimony of Plaintiff's counsel unnecessary if such information is deemed relevant to the case. Second, much of any potential testimony of Plaintiff's counsel involving nonpublic information would likely be subject to attorney client and work product privileges. Third, the Court has real doubts whether the details of Plaintiff's plea deal would survive a challenge to

admissibility under Federal Rules of Evidence 402, 403 and 404.[1] Fourth, the disqualifying of an opponent's counsel is permitted only under a clear showing of necessity and relevance, which to date has not been shown to this Court.

Although the Court will quash the subpoena and deposition notice to Plaintiff's counsel, Plaintiff has the duty to produce any documents, photographs, videos or other items in the possession or control of Plaintiff or her counsel which fall within the scope of Plaintiff's discovery requests, including Requests to Produce 5 and 6. (Dkt. No. 56-4 at 3-4).

## III.     Conclusion

Based on the foregoing, Plaintiff's motions to quash the subpoena and notice of deposition to Plaintiff's counsel (Dkt. Nos. 52, 53) are **GRANTED.**

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 7, 2025
Charleston, South Carolina

_____

[1] It is clear from Defendant's response to this motion that it will seek to offer evidence at trial of Christian's involvement in the York County fire in support its defense that he also burned his mother's Beaufort County residence. This raises a host of evidentiary issues under Rules 402, 403 and 404(b) that will need to be sorted out pretrial. The Court's ruling here relates only to Defendant's effort to obtain details of Christian's plea deal through the testimony via deposition or subpoena from Plaintiff's trial counsel.