# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jane Randall, <br><br>　　　　Plaintiff, <br>　v. <br><br> Allstate Insurance Company, <br><br>　　　　Defendant. | Case No. 9:24-cv-4123-RMG <br><br> **ORDER** |

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 72). Plaintiff has filed a response in opposition. For reasons set forth below, the motion is denied.

**I.　　Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## II.     Background

Plaintiff asserts in her Amended Complaint that Defendant breached its contract with her by failing to pay the claim arising from fire damage at her Beaufort County home on March 4, 2023. (Dkt. No. 24). Defendant asserts that it denied coverage for the fire damage because Plaintiff's son, Christian Randall, started the fire and refused to cooperate in the investigation. (Dkt. No. 1-1 at 25; 25 at ¶ 8, 11).

Defendant argues in its motion for summary judgment that Christian Randall caused the fire. Defendant points to considerable circumstantial evidence to support its denial of coverage. (Dkt. No. 72 at 7, 11-13). This includes video evidence that Christian was at the Beaufort residence shortly before the fire was discovered and Christian pled guilty under an Alfred Plea to Third Degree Arson in a fire at Plaintiff's residence in York County. Defendant further argues that Plaintiff has failed to offer evidence to explain the cause of the fire. (*Id.* at 12).

Plaintiff opposes the motion, arguing that the burden is on the Defendant to prove its affirmative defense that Christian caused the fire. (Dkt. No. 75 at 7-8). Further, Plaintiff notes, that while Christian asserted his Fifth Amendment right against self-incrimination in a sworn interview with Defendant, he subsequently testified in a deposition and denied responsibility for the fire.

2

(Dkt. No. 72-17 at 19).[1] Plaintiff further argues that evidence regarding the York County fires and the results of the law enforcement investigations of the Beaufort and York County fires are not admissible at trial. (Dkt. No. 75 at 8-11).[2]

### III.    Discussion

A party is entitled to summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. The central dispute in this case is whether Christian set the fire at Plaintiff's Beaufort County home. Defendant says he did. Christian denies it. Defendant's affirmative defense is based upon circumstantial evidence, which Plaintiff disputes. Reading all evidence in a light most favorable to the nonmoving party, summary judgment is inappropriate these circumstances.

### IV.    Conclusion

Based on the foregoing, Defendant's motion for summary judgment (Dkt. No. 72) is **DENIED.**

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　s/ Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] At the time Christian was initially interviewed under oath by Defendant, which was on November 21, 2023, he had criminal charges pending against him. (Dkt. No. 72-9). Christian pled guilty under an Alford Plea to Third Degree Arson in York County on February 14, 2025. (Dkt. No. 56-2). As a result of Christian's Alford Plea in York County, the charges against him in Beaufort County were to be dismissed as part of a plea agreement. (*Id*. at 6). After the criminal charges were resolved, Christian testified at his deposition in this case on April 30, 2025.

[2] Issues relating to the admissibility of details relating to the York County fires, Christian's Alford Plea, and reports from law enforcement investigations need to be sorted out pretrial. The Court will address these issues after they have been fully briefed pretrial by the parties.

July 7, 2025
Charleston, South Carolina

4